J. W. Evans *et al. v.* S. R. Williams.

(*Nashville.* December Term, 1917.)

1. **LICENSES.** Occupation tax. Shaving notes.

One who sold cattle at true cash value to a holder of notes which were taken without discount at their face value with interest was not engaged in the business of shaving notes in such transaction, so as to require a license, and could sue on the notes, although he had shaved notes on other transactions. (*Post, pp.* 677-679.)

2. **LICENSES.** Occupation tax. Burden of proof.

The burden is on one who obtains notes from a holder in exchange for property to clearly show that he was not engaged in the business of shaving notes without a license; the presumption being, in the absence of other evidence, that they were obtained in the exercise of the taxable privilege. (*Post, pp.* 677-679.)

FROM FENTRESS.

Error to the Circuit Court of Fentress County.— C. E. Snodgrass, Judge.

J. W. Evans and L. T. Smith, for Evans.

Conatser & Wright, for Williams.

Mr. Chief Justice Neil delivered the opinion of the Court.

The defendant in error, Williams, sold to one Pile a lot of cattle at the price of $750. In payment he

took from the purchaser sundry promissory notes which he held on other persons, which, with the interest on them to the date of the sale, aggregated the price of the cattle. There was no discount asked or granted on the notes, nor was there any fictitious value placed on the cattle. They were valued as on a cash sale in money. There is no evidence of any effort to evade the statute requiring the payment of a license tax for the business of shaving notes or dealing in securities. The note sued on was one of the notes taken by Williams in the transaction referred to. The defense made was that Williams was engaged in the business of shaving notes, or dealing in securities, and had procured no license, and should therefore be repelled from court. There was evidence that he had shaved notes in some other transactions, sufficient, apparently, to render him liable for the tax; but under the facts of the transaction now under examination, there was nothing to show that it was tainted with his other dealings referred to. We do not think that these facts support a charge of shaving notes, or of dealing in securities. It was a mere case of barter. Of course, in such a matter, where a dealing in securities or the shaving of notes is made the subject of a privilege tax, the burden rests on one who obtains a security from another in exchange for property to show that his transaction falls outside of taxable privileges; the presumption being, on the acquisition of a security from another, in the absence of other evidence, that

it was obtained in the exercise of the privilege. . The evidence in support of the exemption should be clear and satisfactory. The evidence in favor of the defendant in error attains that degree of certitude.

We think the evidence required should be of the high character indicated because of the temptation, in such matters, to commit frauds on the treasury, and the ease with which, in the absence of such a rule of evidence, it may be accomplished; the facts of each transaction being almost wholly within the control of the parties dealing therein. The court can tolerate no subterfuges. It must be able to see clearly the honesty and fairness of the transaction, and that no fraud on the revenue has been perpetrated.